IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JARIDA GARCIA-MELENDEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JOSE RODRIGUEZ GONZALEZ, ET AL., <br><br> Defendants. | Civil No. 14-1560 (SEC) |

**MEMORANDUM AND ORDER**

The factual background of this case is detailed in the Court's previous opinion granting in part the defendants' motion for summary judgment. See García–Meléndez v. González, --- F.Supp.3d ---, Civ. No. 14-1560 (SEC), 2017 WL 56897 (D.P.R. Jan. 5, 2017). To resolve the matter at hand, suffice to say that Plaintiff Jarida García was arrested, charged, and convicted for obstruction of justice pursuant to Article 246(a) of the Puerto Rico Penal Code of 2012, see P.R. Laws Ann. tit. 33, § 5336—a misdemeanor for which she was sentenced to pay a $500 fine and no jail time—and then brought false arrest claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31, § 5141, against the arresting officer, Agent José Rodríguez. She never appealed her conviction. The issue before the Court is whether García's false arrest claims are barred by the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a plaintiff cannot bring a § 1983 action that "would necessarily imply the invalidity of his conviction or sentence," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–487. In the previous opinion, the Court ordered García to show cause why her false arrest claims should not be dismissed as barred by Heck.

In response, García urges the Court to follow the reasoning of Justice Souter's concurring opinion in Heck. There, Justice Souter suggested that the majority opinion should be read "as saying nothing more than that…after [the] enactment of the habeas statute and because of it, prison inmates seeking § 1983 damages in federal court for unconstitutional conviction or confinement must satisfy a requirement analogous to the malicious-prosecution tort's favorable-termination requirement." Heck, 512 U.S. at 500 (Souter, J. Concurring). A different reading, according to Justice Souter, "would needlessly place at risk the rights of those outside the intersection of § 1983 and the habeas statute, individuals not 'in custody' for habeas purposes." Id. at 477. For example, if people like García who were merely fined "were required to show the prior invalidation of their convictions or sentences in order to obtain § 1983 damages for unconstitutional conviction or imprisonment, the result would be to deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling." Id.

Justice Souter's reasoning seems to have garnered the support of four additional justices in Spencer v. Kemna, 523 U.S. 1, 19–22 (1998), (Souter, O'Connor, Ginsburg, and Breyer, JJ., concurring, and Stevens, J. dissenting). And if it were not for binding First Circuit precedent interpreting Spencer's concurring and dissenting opinions as dicta, the Court would be inclined to allow García's false arrest claims to proceed. see Figueroa v. Rivera, 147 F.3d 77, 81 n.3 (1st Cir. 1998) (reminding that the Supreme Court "has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions") (citing Agostini v. Felton, 521 U.S. 203, 237 (1997)). Unfortunately, the Court must follow the First Circuit's admonition and reject García's argument on this front.

García's last shot to avoid dismissal rests on a distinction between claims for false arrest and malicious prosecution. She argues that Heck should not bar her false arrest claim because unlike the tort of malicious prosecution, false arrest does not require a favorable "termination of the prior criminal proceeding" as an element of the claim. The distinction is without significance for the present matter.

A false arrest claim remedies a detention executed "*without legal process*." Wallace v. Kato, 549 U.S. 384, 389 (2007)—i.e. a detention without a warrant or probable cause. In contrast, the tort of "malicious prosecution…remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." Id. at 390.[1] But in Heck, the Supreme Court used the common law tort of malicious prosecution only as an analogy to explain its holding—not as a limitation. Just as a claim for malicious prosecution requires the plaintiff to prove a favorable "termination of the prior criminal proceeding," Heck, 512 U.S. at 484, a § 1983 claim for "harm caused by actions whose unlawfulness…would necessarily imply the invalidity of his conviction or sentence," requires a plaintiff to "demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 486–487.

Indeed, explaining that a § 1983 claim may be barred even if the action "does not seek damages directly attributable to conviction or confinement," the Court used an example very similar (if not identical) to García's situation—a person convicted for the crime of resisting arrest who "then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures." Id. at n.6. To prevail, that person would have to negate an element of the offense of which he or she was convicted—that the arrest was *lawful*. Id.[2]

---

[1] The following example illustrates the difference. If a police officer detains a person without his consent but then releases him without bringing charges, the detainee may not bring a claim for malicious prosecution because he was never subjected to the legal process. He may, however, sue the officer for false arrest or illegal detention and will succeed if he proves that the officer lacked probable for the detention.

[2] In criticizing the majority's choice of analogy, Justice Souter's seemed to agree. See Heck, 512 U.S. at 494 ("importing into § 1983 the malicious-prosecution tort's favorable-termination requirement but not its probable-cause requirement would be particularly odd since it is from the latter that the former derives").

The question is whether a judgment in García's favor would necessarily negate an element of the offense for which she was convicted. It would.

Under Puerto Rico law, the legality of the detention "is crucial" for finding a defendant guilty of obstruction of justice. Pueblo v. Ortiz Díaz, 23 P.R. Offic. Trans. 749 (1989). And a detention without of probable cause is, of course, illegal. See Abreu-Guzmán v. Ford, 241 F.3d 69, 75 (1st Cir. 2001) (Under Puerto Rico law, a cause of action for false arrest focuses on whether the arresting officers "'lacked reasonable cause for believing that [the suspect] committed [an] [offense]'"). It follows then that a favorable verdict in García's false arrest claim would require the jury to find that Agent Rodríguez lacked probable cause to detain her, which in turn would imply that the detention was illegal and her conviction invalid.

García's false arrest claim under § 1983 is thus barred by Heck. In the previous opinion, the Court also noted that it was unclear whether Puerto Rico law allows such a claim. Thus, the Court forewarned that it was inclined to dismiss her supplemental claim for false arrest pursuant to 28 U.S.C. § 1367(c), which allows federal courts to decline the exercise of supplemental jurisdiction," if, *inter alia*, "the claim raises a novel or complex issue of State law." García did not address this issue in her show cause response and therefore waived any objection to the dismissal of this claim.

For the reasons stated, García's false arrest claims under § 1983 and Puerto Rico law are **dismissed without prejudice**.[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of March, 2017.

                                                      *s/ Salvador E. Casellas*
                                                      SALVADOR E. CASELLAS
                                                      U.S. Senior District Judge

---

[3] The false arrest claim under § 1983 is dismissed without prejudice because it is dismissed for lack of jurisdiction. See White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (Raising the Heck bar and dismissing the plaintiff's § 1983 claim noting "that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."); see also McGann v. Eaton, 197 F. App'x 5, 5 (1st Cir. 2006) (per curiam) (affirming the District Court's dismissal of the plaintiff's § 1983 complaint "for failure to meet the jurisdictional requirements of Heck").